IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK07-40279-TJM |
| DEBRA SUSAN LEISE-PERK and ) | |
| RICHARD L. PERK, ) | CH. 7 |
| ) | |
| Debtor(s). ) | |

MEMORANDUM

  Hearing was held in Lincoln, Nebraska, on May 23, 2007, regarding Filing No. 26, Motion to Sell Free & Clear, filed by Joseph H. Badami, trustee; Filing No. 31, Objection, filed by Pinnacle Bank; Filing No. 32, Motion to Abandon Claim, filed by Pinnacle Bank; and Filing No. 35, Resistance, filed by Joseph H. Badami, trustee.  Theresa Siglar appeared for the debtors, Joseph Badami appeared as Chapter 7 trustee, and Joel Lonowski appeared for Pinnacle Bank. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(K) and (N).

  On or about February 6, 2007, one of the debtors, Richard L. Perk, borrowed money from Pinnacle Bank for the purchase of a used motor vehicle.  On February 14, 2007, prior to the bank perfecting its security interest in the vehicle by obtaining a notation of its lien on the title, the debtors filed this Chapter 7 bankruptcy petition.  Schedule D filed with the amended petition listed Pinnacle Bank as having a purchase money security interest in the vehicle.

  Mr. Badami, the trustee, examined the records of the Department of Motor Vehicles and found that there was not a lien noted on the title to the vehicle.  He then contacted an officer of Pinnacle Bank, informing the officer that he was claiming the vehicle as an asset of the estate and requested the title to be turned over.  Eventually the title was turned over.

  Mr. Badami then entered into an agreement to sell the vehicle to debtor Richard Perk and provided notice to all parties in interest.  Pinnacle Bank has objected to the sale and has filed a motion requesting that Mr. Badami abandon any claim to the vehicle and validate the claim of the bank.

  Mr. Badami is authorized to sell the vehicle free and clear of any claim of lien of Pinnacle Bank or any other party.  The motion requesting Mr. Badami to abandon his interest and validate the claim of Pinnacle Bank is denied.

  The bank urges the court to find that the short time between the date the loan was made and the date the bankruptcy case was filed, eight days, hindered the bank in obtaining perfection of its lien. However, the filing of the bankruptcy petition did not act as an automatic stay with regard to the right of the bank to perfect its lien. The Bankruptcy Code, at 11 U.S.C. § 362(b)(3), states that the filing of the petition does not operate as a stay of any act to perfect "an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) or to the extent that such perfection is accomplished within the period provided under section 547(e)(2)(A)".

Section 546(b)(1)(A) provides that the avoidance powers of the trustee are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection.

Section 547(e)(2) provides that a transfer is made at the time it takes effect between the transferor and the transferee, "if such transfer is perfected at, or within 30 days after, such time, except as provided in subsection (c)(3)(B)."

11 U.S.C. § 547(c)(3)(B) provides that the trustee may not avoid a transfer that is perfected on or before 30 days after the debtor receives possession of such property.

In sum, although it takes a roundabout route to get to the conclusion, the automatic stay does not prohibit perfection of a lien on a motor vehicle within 30 days after the debtor obtains possession of the motor vehicle. In addition, the trustee is not permitted to avoid such perfected lien.

Therefore, the lender could have perfected the lien pursuant to Nebraska law notwithstanding the automatic stay of § 362(a) of the Bankruptcy Code and, if such perfection occurred within 30 days of the date the debtor took possession of the vehicle, the trustee would not have been able to avoid it. Because the bank did not timely perfect its lien, the bankruptcy estate takes free and clear of such lien and the trustee may sell the property free and clear of such lien.

A separate order will be entered.

DATED:     May 24, 2007

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    Theresa Siglar
    *Joseph H. Badami
    *Joel Lonowski
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.